1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| ROBERT HEIZELMAN,<br>Booking #23703816,<br>Former BOP #20068-298,<br><br>                              Plaintiff,<br><br>        vs.<br><br>BIDEN, President; FBI; CIA; NSA;<br>SHERIFF of SAN DIEGO COUNTY;<br>JOHN DOES,<br><br>                              Defendants. | Case No.:  3:23-cv-01185-JES-AHG<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

        While he was detained at the San Diego County Sheriff Department's Vista Detention Facility on June 20, 2023, Plaintiff Robert Heizelman filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Doc. No. 1, "Compl.") Heizelman's pleading is confusing and disjointed, but it appears he seeks to file a class action against the President of the United States, various federal agencies, the County Sheriff, and other unidentified San Diego Police Department officers and Sheriff's Department deputies, for tapping and/or blocking his phone, following him, and conspiring to frame him on "false charges" because he has been trying to expose the President as a child molester. (*Id.* at 1–10.) Heizelman seeks $500 million in damages and demands a jury trial. (*Id.* at 10.)

1

### I.     Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Heizelman did not pay the $402 filing fee required to commence civil action pursuant to 28 U.S.C. § 1914(a) at the time he filed suit, nor has he filed a Motion to Proceed IFP. Therefore, this civil action cannot proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051. And while the Court would ordinarily grant a pro se litigant attempting to file a civil suit leave to file an IFP Motion pursuant 28 U.S.C. § 1915(a), it finds doing so in this case would be futile because Heizelman's litigation history precludes him from exercising that privilege, his Complaint contains no plausible allegations of imminent danger of serious physical injury at the time he filed it, and his suit is both legally and factually frivolous.

### II.     28 U.S.C. § 1915(g)'s "Three-Strikes" Bar

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Heizelman, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted IFP status under 28 U.S.C. § 1915(a). *Id.*

3:23-cv-01185-JES-AHG

1   to proceed IFP in cases where the prisoner:

2   . . . has, on 3 or more prior occasions, while incarcerated or detained in any
3   facility, brought an action or appeal in a court of the United States that was
    dismissed on the grounds that it is frivolous, malicious, or fails to state a
4   claim upon which relief can be granted, unless the prisoner is under
5   imminent danger of serious physical injury.

6   28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes'

7   provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to

8   § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also*

9   *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*")

10  (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may

11  entirely be barred from IFP status under the three strikes rule[.]"). The objective of the

12  PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in

13  federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

14       "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner,

15  which were dismissed on the ground that they were frivolous, malicious, or failed to state

16  a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the

17  district court styles such dismissal as a denial of the prisoner's application to file the

18  action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153

19  (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a

20  strike, the style of the dismissal or the procedural posture is immaterial. Instead, the

21  central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or

22  failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)

23  (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When … presented with

24  multiple claims within a single action," however, courts may "assess a PLRA strike only

25  when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v.*

26  *Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's*

27  *Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

28  / / /

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

### III.    Discussion

### A.    Heizelman's Litigation History

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

Based on a review of its own dockets and other court proceedings publicly available on PACER,[2] the Court finds that Plaintiff Robert Heizelman, currently identified as San Diego County Sheriff's Department Inmate Booking No. 23703816, and formerly identified as BOP Inmate #20068-298, while incarcerated, has had three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

> 1)    *Heizelman v. Martin, et al.*, Civil Case No. 1:07-cv-00288-EJL (D. Idaho Dec. 11, 2007) (Initial Review Order dismissing complaint for failing to state cognizable constitutional claims pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 5]); (March 19, 2009, Order granting Motion to

---

[2] Courts may "'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Tiedemann v. von Blanckensee*, __ F. 4th ___, No. 21-15073, 2023 WL 4308939, at *4 (9th Cir. July 3, 2023) (citing *Kipp v. Davis*, 971 F.3d 939, 945 n.2 (9th Cir. 2020) (citation omitted)).

amend and dismissing amended complaint) [Doc. No. 7]) (strike one);

      2)    *Heizelman v. Richardson, et al.*, Civil Case No. 1:09-cv-00182-BLW (D. Idaho Oct. 16, 2009) (Initial Review Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [Doc. No. 10]); (May 24, 2010, Order dismissing case [Doc. No. 14]) (strike two); and

      3)    *Heizelman, et al., v. Durham, et al.*, Civil Case No. 3:10-cv-01560-BTM (WMc) (S.D. Cal. Sept. 20, 2010) (Order sua sponte dismissing Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) [Doc. No. 14]) (strike three).

Accordingly, because Heizelman has accumulated three "strikes" as defined by section 1915(g) while incarcerated, and as discussed below, fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[3]

**B.**    **Imminent Danger Exception**

In determining whether Heizelman may be granted leave to request IFP status, the

---

[3] In fact, Plaintiff was notified that he is "barred from proceeding IFP in future federal civil actions or appeals while he is incarcerated pursuant to 1915(g)" by Judge Battaglia more than ten years ago, *see Heizelman v. Hernandez, et al.,* S.D. Cal. Civil Case No. 3:12-cv-02464-AJB-DHB (S.D. Cal. Oct. 16, 2012) (Order Dismissing Civil Action for Failure to Pay Filing Fees and Noting 28 U.S.C. § 1915(g) 3-Strikes Bar) (Doc. No. 2), and by Judge Hayes just recently in *Heizelman v. Biden, et al.*, S.D. Cal. Civil Case No. 3:23-cv-00397-WQH-LR (S.D. Cal. May 30, 2023) (Order Denying Motion to Procced IFP pursuant to 28 U.S.C. § 1915(g)) (Doc. No. 4).

1    Court has reviewed his Complaint and finds it contains no "plausible allegations" to

2    suggest he "faced 'imminent danger of serious physical injury' at the time of filing."

3    *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Heizelman's

4    rambling and disjointed pleading seeks $500 million dollars in damages against the

5    President of the United States, whom he claims is a "serial child molester." Heizelman

6    contends the President has conspired with the other federal agency defendants on his

7    "payroll," to tap his phones, block his access to "important civil rights lawyers," spread

8    false rumors, "follow [him] around for 2 years" and "frame [him] on false charges." (*See*

9    Compl. at 2–10.)

10        These types of "[o]verly speculative," "fanciful," "ridiculous," and facially

11   delusional assertions do not warrant an exception under section 1915(g). *See Cervantes*,

12   493 F.3d at 1057 n.11 (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)

13   ("Courts … deny leave to proceed IFP when a prisoner's claims of imminent danger are

14   conclusory or ridiculous."); *Martin v. Shelton*, 319 F.3d 1048, 1048 (8th Cir. 2003)

15   (declining to find imminent danger exception based on "conclusory assertions that

16   defendants were trying to kill [the inmate] by forcing him to work in extreme [weather]

17   conditions.")); *see also Holz v. McFadden*, 2010 WL 3069745, at *3 (C.D. Cal. May 21,

18   2010) ("Merely alleging that the government is going to murder you is not enough to pass

19   through the [imminent danger] gateway."); *In re Gonzales*, 2008 WL 666465, at *1–2

20   (N.D. Cal. March 6, 2008) (finding prisoner's allegations of genetic experimentation,

21   food poisoning, radiation, governmental monitoring, and a "campaign to kill him" too

22   implausible and delusional to meet § 1915(g)'s exception for imminent danger); *Sierra v.*

23   *Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative,

24   rambling statements regarding a cycle of violence, and vague references to motives to

25   harm" insufficient to show Plaintiff faced an "ongoing danger" as required by

26   *Cervantes*).

27        **C.    Screening pursuant to 28 U.S.C. § 1915A**

28        Finally, while section 1915(g) "concerns only a threshold procedural question—

1 │ whether the filing fee must be paid upfront or later," *Williams v. Paramo*, 775 F.3d 1182,

2 │ 1189 (9th Cir. 2015) (citing *Andrews*, 493 F.3d at 1055), a wholly "[s]eparate PLRA

3 │ provision[] [is] directed at screening out meritless suits early on." *Id.* (citing 28 U.S.C.

4 │ § 1915A(b)). Section 1915A provides that a federal district court "shall review . . . a

5 │ complaint in a civil action in which a prisoner seeks redress from a governmental entity

6 │ or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the

7 │ court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is

8 │ frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

9 │ seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §

10 │ 1915A(b); *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017).

11 │ "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need

12 │ not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir.

13 │ 2014) (internal citation omitted).

14 │       Here, and regardless of whether Heizelman could pay the full civil filing fee

15 │ required by 28 U.S.C. § 1914(a), or was eligible to proceed IFP, his Complaint is

16 │ frivolous and independently subject to *sua sponte* dismissal pursuant to 28 U.S.C.

17 │ § 1915A(b)(1) both because it asserts "'fanciful,' 'fantastic,' [or] delusional'" factual

18 │ allegations, *see Denton v. Hernandez,* 504 U.S. 25, 33 (1992) (quoting *Neitzke v.*

19 │ *Williams,* 490 U.S. 319, 328 (1989)), and because it appears duplicative of another civil

20 │ rights complaint he filed in the Southern District of California in February 2023. *See*

21 │ *Heizelman v. Biden, et al.*, Civil Case No. 3:23-cv-00397-WQH-LR (S.D. Cal.) ("*Biden*

22 │ *I*"). A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it

23 │ "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d

24 │ 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and

25 │ internal quotations omitted). "[I]n assessing whether the second action is duplicative of

26 │ the first, [courts] examine whether the causes of action and relief sought, as well as the

27 │ parties or privies to the action, are the same." *Adams v. Cal. Dep't of Health Servs.*, 487

28 │ F.3d 684, 688–89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553

1    U.S. 880, 904 (2008).

2         In *Heizelman v. Biden, et al.,* filed just a few months before this case, Plaintiff also

3    claimed President Biden was using an "army" of "federal employees [to] illegally …

4    follow[,]" intimidate, harass, and "attempt[] to kill[] [him]."  (*See id.,* S. D. Cal. Civil

5    Case No. 3:23-cv-00397-WQH-LR ["*Biden I*"], Doc. No. 1 at 2–5.) As he does in this

6    case, Heizelman also claimed unidentified federal agents told "everyone [he] molested

7    girls," and "poisoned" employees at Walmart, LA and 24-Hour Fitness against him. (*See*

8    *id.; cf.* Compl., Doc. No. 1 at 8.) Thus, because Heizelman's current Complaint attempts

9    to revive the same facially implausible, fanciful, and seemingly delusional claims alleged

10   against several of the same parties in *Biden I*, this later-filed case must also be dismissed

11   *sua sponte* as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105

12   n.2; *Adams*, 487 F.3d at 688–89; *Denton*, 514 U.S. at 33; *Nordstrom*, 762 F.3d at 907 n.1.

### IV.    Conclusion

13

14        For the reasons explained, the Court:

15        (1)    **DISMISSES** this civil action *sua sponte* for failure to pay filing fees

16   required by 28 U.S.C. § 1914(a) and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1);

17        (2)    **CERTIFIES** that an IFP appeal from this Order would also be frivolous and

18   therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

19        (3)    **DIRECTS** the Clerk of Court to close the file.

20        **IT IS SO ORDERED**.

21

     Dated:  July 11, 2023

22

23                                              _____

24                                              Honorable James E. Simmons, Jr.
                                                Unites States District Judge

25

26

27

28

8

3:23-cv-01185-JES-AHG